1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9    MARGERY K. LEVIT,                          Case No.  14-cv-05117-JD
                    Plaintiff,
10

11        v.                                    **ORDER DISMISSING CASE FOR**
                                                **FAILURE TO PROSECUTE**
     SOCIAL SECURITY ADMINISTRATION,
12                                              Re: Dkt. No. 9
                    Defendant.
13

14         Pro se plaintiff Margery K. Levit filed a complaint against Defendant Social Security

15   Administration ("SSA") in Sonoma County Superior Court on August 19, 2014.  Dkt. No. 1, Ex.

16   A.  On November 19, 2014, SSA removed the case to this Court, Dkt. No. 1, and on November 26,

17   2014, SSA filed a Motion to Dismiss the Complaint. See Dkt. No. 6.  Under Civil Local Rule 7-3,

18   Levit's response to SSA's motion was due on December 10, 2014.  Levit did not file a response to

19   SSA's motion.  As a result, on March 30, 2015, the Court ordered Levit to show cause by April

20   13, 2015, why the motion to dismiss should not be granted and the case dismissed for failure to

21   prosecute.

22         The April 13 deadline has come and gone without a response.  The Court therefore

23   dismisses the action with prejudice for failure to prosecute.

24                               **DISCUSSION**

25         Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case

26   for failure to prosecute or to comply with any of its orders.  Fed. R. Civ. P. 41(b); *see Ferdik v.*

27   *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a claim for

28   failure to prosecute or failure to comply with a court order, the Court must weigh the following

United States District Court
Northern District of California

United States District Court
Northern District of California

1   factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

2   manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of

3   less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."

4   *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal.

5   Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

6           Application of these factors here weighs in favor of dismissal.  Levit has failed to file a

7   response to SSA's motion to dismiss as required by the Local Rules and by court order, despite

8   having been warned that the case might be dismissed as a result for failure to prosecute.  *See* Dkt.

9   No. 9.  With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation

10  always favors dismissal."  *Espinosa*, 2011 WL 334209, at *1 (citing *Yourish v. Cal. Amplifier*, 191

11  F.3d 983, 990 (9th Cir. 1999)).  For the second factor, the Court must be able to manage its docket

12  "without being subject to routine noncompliance of litigants."  *Pagtalunan*, 291 F.3d at 642; *see*

13  *also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that

14  [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

15  For the third factor, having filed nothing at all since the case was removed, Levit has offered no

16  explanation for her failure to respond to SSA's motion to dismiss or the Court's order to show

17  cause.  This weighs strongly in favor of dismissal.  *See Espinosa*, 2011 WL 334209, at *2.  With

18  respect to the fourth factor, the Court already issued an Order to Show Cause, which provided

19  Levit with additional notice of the pending motion to dismiss, as well as additional time to respond

20  to the merits of that motion.  *See* Dkt. No. 9.  The Court's issuance of the Order to Show Cause

21  satisfies the consideration of less drastic sanctions requirement.  *See Ferdik*, 963 F.2d at 1262.

22  Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might

23  weigh against dismissal, on its own, the cumulative weight of the other factors overrides it.  *See*

24  *Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case

25  where three of the five factors weighed in favor of dismissal).

26                                           **CONCLUSION**

27          Because four of the five relevant factors weigh in favor of granting SSA's unopposed

28  motion to dismiss, the Court grants that motion and dismisses this case in its entirety with

2

1   prejudice.  The clerk will enter judgment and close the case.

2         **IT IS SO ORDERED.**

3   Dated: April 20, 2015

4

5                                    _____

6                                 JAMES DONATO
                                 United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California